E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08087-S4**
**11/11/2021 12:35 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| EVA MEMAR, | § | CIVIL ACTION FILE NO.: |
| | § | |
| Plaintiff | § | 21-C-08087-S4 |
| | § | |
| v. | § | |
| | § | |
| WHITE HORSES TRUCKLINE, INC.; | § | |
| UNITED SPECIALTY INSURANCE | § | |
| COMPANY; and NAHA SINGH SOHI, | § | |
| | § | |
| Defendants. | § | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**JOSEPH A. ZDRILICH, ESQ.**
**The Zdrilich Law Group, LLC**
**Attorneys and Counselors at Law**
**3575 Koger Blvd., Suite 125**
**Duluth, Georgia 30096**

an answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

12th day of November, 2021
This _____ day of November, 2021.

Tiana P. Garner, Clerk of State Court

BY: _____
Deputy Clerk

E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08087-S4**
**11/11/2021 12:35 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| EVA MEMAR, | § | CIVIL ACTION FILE NO.: |
| Plaintiff, | § § | |
| | § | |
| v. | § | 21-C-08087-S4 |
| | § | |
| WHITE HORSES TRUCKLINE, INC., | § | |
| UNITED SPECIALTY INSURANCE | § | |
| COMPANY, and NAHAR SINGH SOHI, | § | |
| | § | |
| Defendants | § | |

---

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

Plaintiff, **Eva Memar** ("Plaintiff"), files this *Complaint for Damages and Demand for Jury Trial* in the above-styled action against Defendants, **White Horses Truckline, Inc., United Specialty Insurance Company, and Nahar Singh Sohi**, and shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Eva Memar (hereinafter, "Plaintiff") is currently a resident of the State of Georgia, residing at 732 Dorsey Circle, SW Lilburn, Gwinnett County, Georgia 30047. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

2.

Defendant White Horses Truckline, Inc. (hereinafter, "Defendant White Horses"), is a California corporation with a principal office address of 7203 New Bond Court, Bakersfield, California 93311. Defendant White Horses may be served through its registered agent, Ajitpal S. Grewal at the same address and is subject to the jurisdiction of this court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91. Defendant White Horses may be served with copies of the *Summons* and *Complaint* at that address.

3.

Defendant United Specialty Insurance Company (hereinafter, "Defendant United Specialty") is a Delaware corporation, and may be served through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046, and, pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. § 40-1-112(c), is subject to the jurisdiction of this court. Defendant United Specialty may be served with copies of the *Summons* and *Complaint* at that address.

4.

Defendant Nahar Singh Sohi (hereinafter, "Defendant Sohi") is a resident of Bakersfield California, last known to reside at 17902 Rhine Drive, Bakersfield, California, 93313. Defendant Sohi is subject to the jurisdiction of this court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91. Defendant Sohi may be served with copies of the *Summons* and *Complaint* at that address.

5.

O.C.G.A. § 40-1-117 provides, in relevant part, as follows:

> **...any action against any resident or nonresident motor carrier for damages by reason of any breach of duty, whether contractual or otherwise, or for any violation of this article or of any order, decision, rule, regulation, direction, demand, or other requirement established by the state revenue commissioner may be brought in the county where the cause of the action or some part thereof arose; and if the motor carrier or its agent shall not be found for service in the county where the action is instituted, a second original may be issued and service be made in any other county where the service can be made upon the motor carrier or its agent. The venue prescribed by this Code section shall be cumulative of any other venue provided by law.**

6.

Plaintiff shows that, as both the collision giving rise to this action occurred in Gwinnett County, Georgia, and the Defendants were conducting business in Gwinnett County, Georgia, venue is proper in this court.

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 2 ~

## FACTS

### 7.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

### 8.

On October 8, 2021 at approximately 8:30 a.m.., Plaintiff was operating a 2019 Volkswagen Jetta, traveling southbound in the sixth lane from the median on Interstate 85 near its interchange with Pleasantdale Road, in Gwinnett County, Georgia.

### 9.

On the same time and date, Defendant Sohi was driving a 2021 Freightliner Semitruck traveling southbound in the fifth lane from the median on Interstate 85 near its interchange with Pleasantdale Road, in Gwinnett County, Georgia.

### 10.

Plaintiff continued traveling southbound with the flow of traffic in the sixth lane from the median on Interstate 85 near its interchange with Pleasantdale Road, Gwinnett County, Georgia.

### 11.

At approximately 8:30 a.m., Defendant Sohi steered his semi-truck to the right, attempting to change lanes from the fifth lane from the median to the sixth lane from the median, striking Plaintiff's vehicle on the driver's door with its front right-side fender.

### 12.

After the first impact, Plaintiff's vehicle rotated and came over into the Defendant's lane of travel. Her vehicle was struck a second time on the front driver's side by the front end of Defendant Sohi's tractor-trailer.

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 3 ~

13.

Plaintiff's vehicle sustained substantial damage to its driver's side.

14.

Upon investigation, Trooper Michael Craddock of the Georgia State Highway Patrol issued Defendant Sohi a citation pursuant to O.C.G.A. § 40-6-123(a). Said code section states in relevant part the following:

> **No person shall turn a vehicle at an intersection unless the vehicle is in a proper position upon the roadway as required in Code Section 40-6-120 or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety.**

15.

Plaintiff complained of neck pain, back pain, left hand pain and confusion at the scene of the collision.

16.

Plaintiff suffered bodily injuries as a result of the impact with Defendant Sohi's vehicle.

17.

As a result of the subject incident, which was the proximate result of the negligence of the Defendants, Plaintiff continues to suffer, significant physical, mental, and emotional injuries, all for which she is entitled to recover under the law. Defendants are liable to Plaintiff for these injuries.

## COUNT I -
## NEGLIGENCE

18.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 4 ~

19.

As a direct and proximate result of Defendant's carelessness and recklessness, Defendant Sohi's truck struck Plaintiff's vehicle, causing injuries to the Plaintiff.

20.

Plaintiff suffered significant physical, mental, and emotional pain as a result of the collision.

21.

Plaintiff was injured in this collision as a direct and proximate result of the negligent actions and omissions of Defendant Sohi.

22.

At all relevant times, Defendant Sohi owed certain civil duties to Plaintiff, which he violated.

23.

Defendant Sohi failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, which is a violation of O.C.G.A. § 51-1-2.

24.

Defendant Sohi violated his duties owed to Plaintiff by making an unsafe lane change, pursuant to O.C.G.A. § 40-6-123(a).

25.

Defendant Sohi violated his duties owed to Plaintiff in failing to maintain a proper lookout.

26.

Defendant Sohi violated his duties owed to Plaintiff in driving the vehicle without due caution and in a manner so as to endanger others, including Plaintiff, in the vicinity in violation of O.C.G.A. § 40-6-123(a).

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
Complaint for Damages and Demand for Jury Trial
~ 5 ~

27.

Defendant Sohi violated his duties owed to Plaintiff in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

28.

Defendant Sohi is liable for the injuries and damages Plaintiff suffered as a result of the Defendant Sohi's negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## COUNT II -
## IMPUTED LIABILITY

29.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

30.

At the time of the subject collision, Defendant Sohi was under dispatch for Defendant White Horses.

31.

At the time of the subject collision, Defendant Sohi was operating his vehicle on behalf of Defendant White Horses.

32.

Defendant White Horses is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant White Horses with regards to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

*Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi*
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 6 ~

## COUNT III -
## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 33.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

### 34.

Defendant White Horses was negligent in hiring Defendant Sohi and entrusting him to drive an 18-wheeler freight truck.

### 35.

Defendant White Horses was negligent in failing to properly train Defendant Sohi.

### 36.

Defendant White Horses was negligent in failing to properly supervise Defendant Sohi.

### 37.

Defendant White Horses' negligence in hiring Defendant Sohi, entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the direct and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION (UNITED SPECIALTY INSURANCE COMPANY)

### 38.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

### 39.

Defendant United Specialty is subject to a direct action as the insurer for Defendant White Horses pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. §40-1-112(c).

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 7 ~

40.

Defendant United Specialty was the insurer of Defendant White Horses at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

41.

Defendants United Specialty and White Horses are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

42.

Defendant United Specialty is responsible for any judgment rendered against Defendant White Horses.

## COUNT V - COMPENSATORY DAMAGES

43.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

44.

Plaintiff has incurred reasonable and necessary medical expenses to date due to injuries received in this Motor Vehicle Collision.

45.

Said medical expenses continue to accrue for Plaintiff's care, in an exact amount to be proven at trial.

46.

As a direct and sole proximate result of the breaches of duty and negligence by the Defendants, Plaintiff suffered injuries and damages, including medical expenses and other necessary expenses, loss of

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 8 ~

enjoyment of life, mental and physical pain and suffering, and emotional distress, including pre-impact fright, and future expenses.

47.

Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence on the part of the Defendants, through their agents, servants, or employees, the Plaintiff was caused to suffer and incur the following injuries and damages:

(1) Severe and permanent injuries caused by the Defendants' negligence,

(2) Pain, mental anguish, and suffering, both past and future;

(3) Medical expenses, past and future in an amount to be proven at trial;

(4) Permanent medical impairment; and

(5) Loss of enjoyment of life.

48.

Plaintiff shows that an employee is bound to exercise ordinary care in the selection of employees and nor to retain them after knowledge of incompetency. O.C.G.A. § 34-7-20.

49.

Further, Plaintiff shows that where employer had "actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violation," punitive damages may be warranted. Cooper v. Marten Transport, Ltd., 2012 WL 12358220 (2012), quoting W. Indus., Inc. v. Poole, 280 Ga.App. 378, 380 (2006).

50.

Plaintiff shows that Defendant White Horses had superior knowledge of Defendant's poor driving history, or should have known of Defendant Sohi's poor driving history.

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
Complaint for Damages and Demand for Jury Trial
~ 9 ~

51.

Plaintiff shows that Defendant White Horses' total lack of due diligence, failure to act upon information, and effort to conceal his prior reckless driving rises to the level of "willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences" so as to warrant a finding of punitive damages pursuant to O.C.G.A. § 51-12-5.1(b).

WHEREFORE, Plaintiff prays this Court will issue an Order as follows:

(a) that process issue and that Defendants be served with process as provided by law;

(b) that Plaintiff have a TRIAL BY JURY on all matters pleaded herein;

(c) that Plaintiff recover against Defendants compensatory damages in an amount to be proven at trial;

(d) that Plaintiff recover against Defendants punitive damages in an amount to be proven at trial; and

(e) that Plaintiff have any other further relief as this Court deems just and proper.

Respectfully submitted this 11th day of November, 2021.

THE ZDRILICH LAW GROUP, LLC

JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiff

3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: 770-931-9604
Fax: 770-931-9610
joseph@tzlawgroup.com

Eva Memar v. White Horses Truckline Inc., United Specialty Insurance Co. and Nahar Singh Sohi
State Court of Gwinnett County
*Complaint for Damages and Demand for Jury Trial*
~ 10 ~

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08087-S4**
**11/18/2021 9:56 AM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

EVA MEMAR,                                        )
                                                 )        Civil Action File
            Plaintiff,                           )
                                                 )        Number:  21-C-08087-S4
                                                 )
vs.                                              )
                                                 )
WHITE HORSES TRUCKLINE, INC.;                    )
UNITED SPECIALTY INSURANCE                       )
COMPANY; and NAHA SINGH SOHI,                    )
                                                 )
            Defendants.                          )

## **AFFIDAVIT OF SERVICE**
(Re: United Specialty Insurance Company)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman,

who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that

make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of

Georgia.

3.

That I am employed as a Licensed Private Detective and a Certified Process Server

(Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by this Court's Order to serve process of related

documents/pleadings.

Affiant:

Copy from re:SearchGA

6.

That I was hired to serve process of the following documents/pleadings related to the above-styled action:

a) Summons;

b) Complaint for Damages and Demand for Jury Trial;

c) Plaintiff's First Interrogatories and First Request for Production of Documents to Defendant United Specialty Insurance Company; and

d) General Civil and Domestic Relations case Filing Information Form.

7.

That on November 17, 2021 at 11:20 a.m., I served United Specialty Insurance Company, an above-named Defendant, with the above-referenced documents/pleadings by placing said documents/pleadings in the hands of Jane Richardson, an authorized agent with C T Corporation System, while located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

This _17ᵏ_ day of November, 2021.

_____
Craig Brazeman

Sworn to and subscribed before me,
this ___ day of November, 2021.

_____
NOTARY PUBLIC
My Commission Expires: _11/10/23_

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:    20   C - 08043 - 6

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2022.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this  25  day of  November  , 20 20 .

_____
John Doran  Nov 23, 2020 14:23 EST
_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name   Craig Brazeman

Address   P.o Box 422473
          Atlanta, Georgia 30342

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EVA MEMAR, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-08087-S4 |
| v. | ) | |
| | ) | |
| WHITE HORSES TRUCKLINE, | ) | |
| INC.; UNITED SPECIALTY | ) | |
| INSURANCE COMPANY; and | ) | |
| NAHAR SINGH SOHI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NAHA SINGH SOHI'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant Naha Singh Sohi, by way of special appearance, without waiving and specifically reserving all jurisdictional defenses, and answers plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendant answers as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Responding to the allegations in this paragraph of the complaint, defendant admits he resides in California and, once he has been properly served, will be subject to the jurisdiction of this Court.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

FACTS

7.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

8.

Responding to the allegations in this paragraph of the complaint, defendant admits plaintiff was driving a vehicle at or near the stated location on the date in question.   Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Responding to the allegations in this paragraph of the complaint, defendant admits he was driving the stated vehicle at or near the stated location on the date in question.   Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, defendant admits a collision occurred.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and impertinent and, therefore, should be stricken pursuant to O.C.G.A. § 9-11-12(f). To the extent a response is required, defendant admits he was cited; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

-4-

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Defendant denies the allegations in this paragraph of the complaint.

COUNT I –
NEGLIGENCE

18.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

19.

Defendant denies the allegations in this paragraph of the complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

21.

Defendant denies the allegations in this paragraph of the complaint.

22.

Responding to the allegations in this paragraph of the complaint, defendant admits he had a duty to follow applicable law.   Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

23.

Defendant denies the allegations in this paragraph of the complaint.

24.

Defendant denies the allegations in this paragraph of the complaint.

25.

Defendant denies the allegations in this paragraph of the complaint.

26.

Defendant denies the allegations in this paragraph of the complaint.

27.

Defendant denies the allegations in this paragraph of the complaint.

28.

Defendant denies the allegations in this paragraph of the complaint.

COUNT II –
IMPUTED LIABILITY

29.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

30.

Defendant admits the allegations in this paragraph of the complaint.

31.

Defendant admits the allegations in this paragraph of the complaint.

32.

Responding to the allegations in this paragraph of the complaint, defendant admits White Horses Truckline, Inc. ("White Horses") is a motor carrier and the *respondeat superior* doctrine applies to White Horses insofar as it relates to his alleged acts of negligence committed in the course and scope of his employment. Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

COUNT III –
<u>NEGLIGENT HIRING, TRAINING & SUPERVISION</u>

33.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

34.

Defendant denies the allegations in this paragraph of the complaint.

35.

Defendant denies the allegations in this paragraph of the complaint.

36.

Defendant denies the allegations in this paragraph of the complaint.

37.

Defendant denies the allegations in this paragraph of the complaint.

COUNT IV – DIRECT ACTION (UNITED SPECIALTY
<u>INSURANCE COMPANY)</u>

38.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

Responding to the allegations in this paragraph of the complaint, defendant admits United Specialty Insurance Company ("USIC") issued a policy of liability insurance to White Horses that was in effect on the date of the subject accident; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Responding to the allegations in this paragraph of the complaint, defendant admits USIC is responsible for paying a judgment against defendants up to the limits of the insurance policy and subject to the terms and conditions of the insurance policy and applicable law.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

-9-

## COUNT V – COMPENSATORY DAMAGES

### 43.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 46.

Defendant denies the allegations in this paragraph of the complaint.

### 47.

Defendant denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (1) through (5).

### 48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Defendant denies the allegations in this paragraph of the complaint.

51.

Defendant denies the allegations in this paragraph of the complaint.

52.

Responding to the allegations in the unnumbered paragraph which appears immediately after paragraph 51 of the complaint, begins "WHEREFORE," constitutes plaintiff's prayer for relief, and includes subparagraphs (a) through (e), defendant denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

53.

Except as expressly admitted or otherwise responded to, defendant denies all allegations in the complaint.

## THIRD DEFENSE

There has been an insufficiency of service of process as to defendant; therefore, this Court lacks personal jurisdiction over defendant.

## FOURTH DEFENSE

Defendants did not breach any duty owed to plaintiffs.

## FIFTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

## SIXTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SEVENTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## EIGHTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of

punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## NINTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## TENTH DEFENSE

Defendant reserves the right to plead such other defenses as may become known to him during the course of investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendant prays as follows:

-13-

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Defendant Naha Singh Sohi's Answer and Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Joseph A. Zdrilich, Esq.
> The Zdrilich Law Group, LLC
> 3575 Koger Boulevard, Suite 125
> Duluth, GA 30096

This 9th day of December, 2021.

> */s/ Matthew P. Stone*
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EVA MEMAR,                          )
                                    )
        Plaintiff,                  )        CIVIL ACTION FILE
                                    )        NO. 21-C-08087-S4
v.                                  )
                                    )
WHITE HORSES TRUCKLINE,             )
INC.; UNITED SPECIALTY              )
INSURANCE COMPANY; and              )
NAHAR SINGH SOHI,                   )
                                    )
        Defendants.                 )

**DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant United Specialty Insurance Company and answers

plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint,

defendant answers as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 3.

Defendant admits the allegations in this paragraph of the complaint.

### 4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

<u>FACTS</u>

7.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and impertinent and, therefore, should be stricken pursuant to O.C.G.A. § 9-11-12(f). To the extent a response is required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Defendant denies the allegations in this paragraph of the complaint.

COUNT I –
NEGLIGENCE

18.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

19.

Defendant denies the allegations in this paragraph of the complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

21.

Defendant denies the allegations in this paragraph of the complaint.

22.

Responding to the allegations in this paragraph of the complaint, defendant admits Mr. Sohi had a duty to follow applicable law.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

23.

Defendant denies the allegations in this paragraph of the complaint.

24.

Defendant denies the allegations in this paragraph of the complaint.

25.

Defendant denies the allegations in this paragraph of the complaint.

26.

Defendant denies the allegations in this paragraph of the complaint.

27.

Defendant denies the allegations in this paragraph of the complaint.

28.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT II –
## IMPUTED LIABILITY

29.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

32.

Responding to the allegations in this paragraph of the complaint, defendant admits White Horses Truckline, Inc. ("White Horses") is a motor carrier and the *respondeat superior* doctrine applies to White Horses insofar as it relates to Mr. Sohi's alleged acts of negligence committed in the course and scope of his employment.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

COUNT III –
NEGLIGENT HIRING, TRAINING & SUPERVISION

33.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

34.

Defendant denies the allegations in this paragraph of the complaint.

35.

Defendant denies the allegations in this paragraph of the complaint.

36.

Defendant denies the allegations in this paragraph of the complaint.

37.

Defendant denies the allegations in this paragraph of the complaint.

COUNT IV – DIRECT ACTION (UNITED SPECIALTY
<u>INSURANCE COMPANY)</u>

38.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

Responding to the allegations in this paragraph of the complaint, defendant admits it issued a policy of liability insurance to White Horses that was in effect on the date of the subject accident; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Responding to the allegations in this paragraph of the complaint, defendant admits it is responsible for paying a judgment against defendants up to the limits of

-8-

the insurance policy and subject to the terms and conditions of the insurance policy and applicable law.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

<u>COUNT V – COMPENSATORY DAMAGES</u>

43.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

46.

Defendant denies the allegations in this paragraph of the complaint.

47.

Defendant denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (1) through (5).

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Defendant denies the allegations in this paragraph of the complaint.

51.

Defendant denies the allegations in this paragraph of the complaint.

52.

Responding to the allegations in the unnumbered paragraph which appears immediately after paragraph 51 of the complaint, begins "WHEREFORE," constitutes plaintiff's prayer for relief, and includes subparagraphs (a) through (e), defendant denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

53.

Except as expressly admitted or otherwise responded to, defendant denies all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiffs.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of

punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## NINTH DEFENSE

Defendant reserves the right to plead such other defenses as may become known to it during the course of investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant prays as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff

on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against

plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just

and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

-13-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Defendant United Specialty Insurance Company's Answer and Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Joseph A. Zdrilich, Esq.
> The Zdrilich Law Group, LLC
> 3575 Koger Boulevard
> Suite 125
> Duluth, GA 30096

This 9th day of December, 2021.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EVA MEMAR,                                      )
                                               )
    Plaintiff,                         )        CIVIL ACTION FILE
                                               )        NO. 21-C-08087-S4
v.                                             )
                                               )
WHITE HORSES TRUCKLINE,                         )
INC.; UNITED SPECIALTY                          )
INSURANCE COMPANY; and                          )
NAHAR SINGH SOHI,                               )
                                               )
    Defendants.                        )

**DEFENDANT WHITE HORSES TRUCKLINE, INC.'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant White Horses Truckline, Inc. ("defendant" or "White Horses") and answers plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendant answers as follows:

PARTIES, JURISDICTION AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Responding to the allegations in this paragraph of the complaint, defendant admits it is a California corporation; its principal office is at the stated address; it may be served as stated; and, once it has been properly served, it will be subject to the jurisdiction of this Court.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

FACTS

7.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

8.

Responding to the allegations in this paragraph of the complaint, defendant admits plaintiff was driving a vehicle at or near the stated location on the date in question.   Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Responding to the allegations in this paragraph of the complaint, defendant admits Mr. Sohi was driving the stated vehicle at or near the stated location on the date in question.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, defendant admits a collision occurred.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and impertinent and, therefore, should be stricken pursuant to O.C.G.A. § 9-11-12(f). To the extent a response is required, defendant admits Mr. Sohi was cited; otherwise,

defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT I –
## <u>NEGLIGENCE</u>

18.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

19.

Defendant denies the allegations in this paragraph of the complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

-5-

21.

Defendant denies the allegations in this paragraph of the complaint.

22.

Responding to the allegations in this paragraph of the complaint, defendant admits Mr. Sohi had a duty to follow applicable law.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

23.

Defendant denies the allegations in this paragraph of the complaint.

24.

Defendant denies the allegations in this paragraph of the complaint.

25.

Defendant denies the allegations in this paragraph of the complaint.

26.

Defendant denies the allegations in this paragraph of the complaint.

27.

Defendant denies the allegations in this paragraph of the complaint.

28.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT II –
## IMPUTED LIABILITY

### 29.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 30.

Defendant admits the allegations in this paragraph of the complaint.

### 31.

Defendant admits the allegations in this paragraph of the complaint.

### 32.

Responding to the allegations in this paragraph of the complaint, defendant admits it is a motor carrier and the *respondeat superior* doctrine applies to White Horses insofar as it relates to Mr. Sohi's alleged acts of negligence committed in the course and scope of his employment.  Except as expressly admitted, defendant denies the allegations in this paragraph of the complaint.

## COUNT III –
## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 33.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

34.

Defendant denies the allegations in this paragraph of the complaint.

35.

Defendant denies the allegations in this paragraph of the complaint.

36.

Defendant denies the allegations in this paragraph of the complaint.

37.

Defendant denies the allegations in this paragraph of the complaint.

COUNT IV – DIRECT ACTION (UNITED SPECIALTY
INSURANCE COMPANY)

38.

Defendant incorporates its responses to the foregoing paragraphs of the
complaint as if fully set forth herein.

39.

Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations in this paragraph of the complaint.

40.

Responding to the allegations in this paragraph of the complaint, defendant
admits United Specialty Insurance Company ("USIC") issued a policy of liability
insurance to White Horses that was in effect on the date of the subject accident;

-8-

otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Responding to the allegations in this paragraph of the complaint, defendant admits USIC is responsible for paying a judgment against defendants up to the limits of the insurance policy and subject to the terms and conditions of the insurance policy and applicable law.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

COUNT V – COMPENSATORY DAMAGES

43.

Defendant incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

46.

Defendant denies the allegations in this paragraph of the complaint.

47.

Defendant denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (1) through (5).

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Defendant denies the allegations in this paragraph of the complaint.

51.

Defendant denies the allegations in this paragraph of the complaint.

52.

Responding to the allegations in the unnumbered paragraph which appears immediately after paragraph 51 of the complaint, begins "WHEREFORE," constitutes plaintiff's prayer for relief, and includes subparagraphs (a) through (e), defendant denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

53.

Except as expressly admitted or otherwise responded to, defendant denies all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiffs.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and

no alleged act by defendants caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences,

failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

<u>NINTH DEFENSE</u>

Defendant reserves the right to plead such other defenses as may become known to it during the course of investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227

-13-

Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Defendant White Horses Truckline, Inc.'s Answer and Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Joseph A. Zdrilich, Esq.
> The Zdrilich Law Group, LLC
> 3575 Koger Boulevard
> Suite 125
> Duluth, GA 30096

This 9th day of December, 2021.

> */s/ Matthew P. Stone*
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EVA MEMAR,                          )
                                    )
        Plaintiff,                  )        CIVIL ACTION FILE
                                    )        NO. 21-C-08087-S4
v.                                  )
                                    )
WHITE HORSES TRUCKLINE,             )
INC.; UNITED SPECIALTY              )
INSURANCE COMPANY; and              )
NAHAR SINGH SOHI,                   )
                                    )
        Defendants.                 )

## **DEMAND FOR JURY OF TWELVE**

COME NOW defendants and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve.  In support of this demand, defendants reasonably believe plaintiff's claim for damages is greater than $25,000 and state this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Joseph A. Zdrilich, Esq.
> The Zdrilich Law Group, LLC
> 3575 Koger boulevard, Suite 125
> Duluth, GA 30096

This 9th day of December, 2021.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)